See also, 162 B.R. 355.

---

**In re Paul L. BRINK and Loraine D. Brink, Debtors.**

**Diane JENSEN, Trustee, Plaintiff,**

**v.**

**Paul L. BRINK and Loraine D. Brink, Defendants.**

**Bankruptcy No. 93–226–9P7.**

**Adv. No. 94–187.**

United States Bankruptcy Court, M.D. Florida,

Ft. Myers Division.

March 3, 1995.

Diane L. Jensen, Fort Myers, FL, pro se.

Harvey Paul Muslin, Tampa, FL, for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a claim set forth by Diane L. Jensen (Trustee) in a two-count Complaint filed against Paul L. Brink and Loraine D. Brink (Debtors). In Count I the Trustee seeks an order directing the Debtors to turn over their Nationwide insur-

---

ance annuity in the original amount of $13,-400. In Count II of the Complaint the Trustee alleges that on December 22, 1993 the Debtors obtained their discharge; that the Debtors knowingly and fraudulently failed to deliver property of the estate and, therefore, the discharge previously entered should be revoked pursuant to § 727(d)(2) of the Code.

On October 6, 1994, the Trustee amended her Complaint and reduced her demand to $12,000.57. In due course the Debtors filed their answer. On November 8, 1994 the Trustee filed a Motion for Summary Judgment supported by an Affidavit of the Trustee and opposed by an Affidavit executed by the Debtors on November 23, 1994. On November 14, 1994 this Court entered a Partial Final Judgment in favor of the Trustee and against the Debtors in the amount of $12,-000.57 together with $120 for costs. This left for consideration the claim set forth in Count II which is based on § 727(d)(2) of the Code which provides:

### § 727. Discharge

(d) On request of the trustee, a creditor, of the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee.

It is the Trustee's contention that the facts are without dispute and she is entitled to a final judgment on Count II in her favor revoking the discharge heretofore entered based on § 727(d)(2)(A). In opposition, counsel for the Debtors urge that there was no written order entered by this Court which ordered the Debtors to turn over the annuity in question or the proceeds of the annuity therefore there is no legal basis to revoke the discharge. The difficulty with this argument is obvious when one considers the basis of the Trustee's claim. The Trustee is not seeking an order revoking the discharge under § 727(a)(3) which would warrant revocation of a discharge pursuant to § 727(a)(6) if a debtor, during the case, willfully refused to obey a lawful order of the Court, but under § 727(d)(2)(A) on the basis that the Debtors knowingly and fraudulently failed to report the acquisition or entitlement to property or to deliver such property to the Trustee. The difficulty with the Trustee's position, however, should be evident if one considers the language of § 727(d)(2)(A) together with § 541(a)(5) which provides that any interest in property which the debtor acquires or becomes entitled to acquire within 180 days by bequest, devise, or inheritance, § 541(a)(5)(A), as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree, § 541(a)(5)(B), or as a beneficiary of a life insurance policy or of a death benefit plan, § 541(a)(5)(C).

Even a cursory reading of this Section leaves no doubt that the property in question, that is the annuity, was not the type of property which the Debtor acquired 180 days after the commencement of the case since it is without dispute that the Debtors purchased the annuity contract even before the commencement of the case. Thus, unless this Court construes § 727(d)(2)(A) to include annuity contracts within its provisions, the Trustee's request for relief set forth in Count II cannot be granted. The language of this subclause is ambiguous since in the first part of the sentence it refers to property which is property of the estate or, in the disjunctive, became entitled to acquire which no doubt refers to post acquisition of property by the debtor which, by virtue of § 541(a)(5), became property of the estate. Clearly the annuity in question, as noted, would be covered by the first part of the sentence since it was clearly property of the estate from the very beginning. It is without dispute that the Debtors failed to deliver or surrender the property to the Trustee. The contention of counsel for the Debtors that they did not do it fraudulently and knowingly finds scant, if any, support in this record. These Debtors who filed their Petition for Relief in this Court claimed the benefit under the exemption laws of the State of Florida. The Trustee timely challenged their right to claim

Florida exemptions on the basis that on the date of the commencement of the case they were no longer bona fide residents of Florida, having moved to North Carolina and abandoned their previous homestead located in Florida. This Order was entered by this Court on December 22, 1993. On March 23, 1994, the Debtors filed an amendment to Schedule C and claimed as exempt the North Carolina home and annuity, wages and some equity in the Florida property. On March 25, 1994, the Trustee filed an objection to the amended schedule. On March 6, 1994, there was a second amendment by the Debtor of their Schedules B and C and again claimed the items referred to earlier under Fla.Stat. § 222.01 et. seq. and Art. X of the Florida Constitution. On July 6, 1994, this Court entered an Order and sustained the Trustee's objection to the new claim of exemptions. On August 10, 1994, the Debtors amended their Schedule C again and now claimed under the laws of North Carolina certain personal property basically consisting of household goods and furnishings and some appliance but did not claim the annuity involved in this particular controversy.

On October 21, 1994, this Court entered an Order overruling the Trustee's objection to the latest amendment filed by these Debtors. The most important point, however, is that these Debtors cashed in their annuity on April 16, 1994, or after this Court entered its Order on December 22, 1993 in which this Court determined that the Debtors have no right to claim any exemptions under the laws of the State of Florida and limited their right of exemption to the laws applicable to the State of North Carolina and cashed in their annuity on March 24, 1994, or after the Trustee filed her Complaint and after they were served with the summons demanding the surrender and turn over of the annuity.

Based on the totality of the evidence, this Court is satisfied that the conduct of these Debtors was done knowingly and in full disregard of their duty to comply with the law. This act was not an oversight and was done with the knowledge that the Trustee was seeking to recover the annuity. Notwithstanding, the Debtors cashed in the annuity and apparently spent the proceeds. Accord-

ingly, this Court is satisfied that the Trustee is entitled to the relief she seeks and since there are no genuine issues of material fact, is entitled to an order granting her motion for summary judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment is hereby granted and a separate final judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.